UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN BOGASKY,

    Plaintiff,

v.                                                                                     Hon. Jane M. Beckering

UNKNOWN PARTY, et al.,                                      Case No. 1:24-cv-980

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Bryan Bogasky filed his pro se complaint in this case on September 19, 2024, against Unknown Party (identified as Osceola County Sheriff's Deputy 1), Osceola County Sheriff Mark Cool, and Osceola County Prosecutor Anthony Badovinac.[1] He alleges claims pursuant to 42 U.S.C. § 1983 for violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments arising out of a traffic stop and seizure of his vehicle.

Having granted Plaintiff's motion to proceed as a pauper (ECF No. 10), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. After conducting this review, I

---

[1] Plaintiff also included Sage Bogasky (apparently his wife) in the caption of the complaint and purported to sign the complaint on her behalf. (ECF No. 1 at PageID.1, 7.) However, because it appears that Plaintiff is not a licensed attorney, he may not sign pleadings on behalf of another person. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); *Cochran v. Nelson*, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) ("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."); *Totten v. Caldwell*, No. 11-12485, 2012 WL 3964989, at *1 n.1 (E.D. Mich. Sept. 11, 2012) ("Plaintiff is not a licensed attorney and he therefore may not represent Mr. Surles."). Therefore, Plaintiff Bryan Bogasky is the only plaintiff in this case.

recommend that Smith's complaint be dismissed because his claim against Defendant Badovinac is barred by Eleventh Amendment immunity, and he fails to state a claim against all Defendants.

## I. Background

Plaintiff alleges that on August 22, 2022, Osceola County Sheriff's Department Deputy 1 initiated a traffic stop "on suspicion." (ECF No. 1 at PageID.4.) Deputy 1 searched Plaintiff's vehicle without his consent and then seized the vehicle because it was not registered, which the Deputy said was an impoundable offense. Another Deputy, who was the "Supervisor for the [d]ay," arrived 30 minutes later. Soon thereafter, a State Trooper arrived and did nothing. (*Id.*) Plaintiff alleges that "days later," he received a letter in the mail informing him that he was arrested. (*Id.* at PageID.5.) He claims that the prosecutor never initiated any deprivation or forfeiture proceedings for the vehicle. (*Id.*)

Plaintiff filed an action in the Michigan Court of Claims against the Osceola County Sheriff's Department based on the foregoing incident, Case No. 23-000086-MM.[2] (*Id.*) That court dismissed the case on November 3, 2023. Plaintiff appealed the dismissal to the Michigan Court of Appeals, No. 369199, which dismissed the appeal without prejudice on January 19, 2024, for lack of jurisdiction.

Plaintiff sues Defendants in their official capacities only. (*Id.* at PageID.3.) For relief, he seeks $150,000 for loss of ownership, loss of usage, loss of earnings, and emotional distress. (*Id.* at PageID.6.)

---

[2] https://webinquiry.courts.michigan.gov/WISearchResults/NameSearchResultsLINQ?Name=COC (last visited Oct. 18, 2024).

## II. Discussion

### A.   Defendant Badovinac—Eleventh Amendment Immunity

The Eleventh Amendment generally bars federal actions against a state unless the state has waived its sovereign immunity or consented to suit in federal court. *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). The State of Michigan has not consented to be sued for civil rights violations in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state official in his or her official capacity is not a suit against the official but instead is a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). An official capacity suit is thus no different than a suit against the state itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."). Because the Eleventh Amendment prohibits suits for damages against states in federal court, *see Quern v. Jordan*, 440 U.S. 332, 342 (1979), damage claims against state officials in their official capacities are also barred by the Eleventh Amendment. *See Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (noting that Eleventh Amendment immunity "applies to actions against state officials sued in their official capacity for money damages") (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002)).

Plaintiff's official capacity claims against Defendant Badovinac—a county prosecutor— are barred by the Eleventh Amendment because under Michigan law, county prosecutors act as agents of the State when enforcing State law. *Cady v. Arenac Cnty.*, 574 F.3d 334 (6th Cir. 2009); *see also Pinkney v. Berrien Cnty.*, No. 1:21-CV-310, 2021 WL 9316105, at *3 (W.D. Mich. July 20, 2021) ("Under *Cady*, the Berrien County Prosecutor acted as an agent of the State of Michigan

when enforcing State law and Pinkney's claim is barred by Eleventh Amendment immunity."). Accordingly, the claims against Defendant Badovinac are subject to dismissal without prejudice.[3]

B.  **Failure to State a Claim**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

---

[3] To the extent Plaintiff sued Defendant Badovinac in his individual capacity, he likely would be entitled to prosecutorial immunity, at least to the extent that his conduct was associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

4

      court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court must construe his pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

      **1.    Defendant Deputy 1**

Although Defendant Deputy 1 is an Osceola County employee, Plaintiff's official capacity claims against him are, in effect, claims against the County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008); *Fox v. Van Oosterum*, 176 F.3d 342, 247–48 (6th Cir. 1999) (citing, among others, *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). But to state a claim against the County via an official capacity claim, Plaintiff must plausibly allege that his constitutional rights were violated due to an official policy or established custom of the County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining that a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Plaintiff has not alleged any fact that would allow the Court to plausibly infer that his constitutional rights were violated

5

because of an established policy or custom of Osceola County. Accordingly, the official capacity claim is subject to dismissal.

Dismissal would still be warranted even if Plaintiff had sued Deputy 1 in his individual capacity. Plaintiff's allegations that Deputy 1 pulled him over and seized his vehicle on "suspicion" and "without probable cause" are merely legal conclusions devoid of facts that do not give rise to a plausible constitutional violation. As the court observed in *Rogers v. Blickensdorf*, No. 14-cv-13192, 2015 WL 5215973 (E.D. Mich. Aug. 31, 2015):

> Without more, Plaintiff's assertion that Defendant initiated the traffic stop without probable cause is a legal conclusion couched as a factual allegation. A statement that Defendant had "no reason" to initiate the traffic stop is simply a conclusory recitation of a necessary element for recovery under § 1983—that Defendant deprived Plaintiff of a right secured by the Constitution, i.e., by performing a seizure that was unreasonable under the Fourth Amendment because he lacked probable cause, *Delaware v. Prouse*, 440 U.S. 648, 661 (1979).

*Id.* at *2. In sum, Plaintiff presents no facts to support his claim against Deputy 1.

### 2. Defendant Cool

Plaintiff's official capacity claim against Defendant Cool fails for the same reason as his claim against Deputy 1 set forth above. Although Plaintiff includes the phrase "[f]allure [sic] to train" in his complaint (ECF No. 1 at PageID.4), he includes no allegation supporting a claim of failure to train claim under *Monell*. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To establish this type of claim, a plaintiff must show that: "1) the [municipality's] training program was inadequate for the tasks that [its employees] must perform; 2) the inadequacy was the result of the [municipality's] deliberate indifference; and 3) the inadequacy was closely related to or actually caused the injury." *Jackson v. City of Cleveland*, 925 F.3d 793, 834 (6th Cir. 2019) (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006)). The first element focuses on

the adequacy of the municipality's training program. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Plaintiff fails to include any factual allegation setting forth why the training program was inadequate; he doesn't even mention the training program. Similarly, Plaintiff fails to include factual allegations to show that the County was deliberately indifferent to the inadequacy of its training program. Generally speaking, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference[.]" *Connick*, 563 U.S. at 62 (quoting *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)). The complaint is silent on this aspect of the claim. Plaintiff fails to allege even a single prior incident, let alone a pattern of similar incidents, that would have alerted the County to the fact that its training program was inadequate. Thus, his official capacity claim against Defendant Cool is also subject to dismissal.

Finally, Plaintiff's claims against Defendant Cool would fail even if he asserted them as individual capacity claims. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

7

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016). Here, Plaintiff alleges no fact indicating that Defendant Cool was personally involved in, or implicitly authorized, approved, or knowingly acquiesced in the alleged constitutional violations.

### III. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint because it seeks relief from a Defendant immune from that relief and because it fails to state a claim upon which relief can be granted.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  October 22, 2024                                /s/ Sally J. Berens
                                                                 SALLY J. BERENS
                                                                 U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).